IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENDALL LINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00386 |
| ) | |
| KEITH BEAN, SONYA TROUTT, ) | Judge Campbell |
| MICHEAL MITCHELL and ) | |
| SUMNER COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Kendall Link, a prisoner or pretrial detainee in the custody of the Sumner County Jail in Gallatin, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against defendants Keith Bean, Jail Administrator Sonya Troutt, Micheal [sic] Mitchell, and the Sumner County Jail. The complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act.

**I.    Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.    Factual Allegations**

The plaintiff alleges that on March 8, 2015, he was outside his cell for recreation time when Officer Henderson, a corrections officer employed at the jail, opened the cell door of another inmate named Micheal Mitchell. Mitchell, who presumably exited his cell at that time, spat in the plaintiff's face and called him a "Nigger." (Complaint, ECF No. 1, at 5.) Officer Henderson, who witnessed this event, wrote up Mitchell for the offense.

The plaintiff wanted to press criminal charges against Mitchell for simple assault and the use of racially charged comments. He wrote a grievance about the matter but was told by Keith Bean, another

official at the jail, that the inmate assault would be handled internally per jail policy and that he would not be able to press criminal charges against Mitchell until after the plaintiff was released from jail. (*See* ECF No. 1, at 8 (copy of email from Keith Bean).) The plaintiff states that he believes he was not permitted to press charges because Mitchell is white and the plaintiff is black. (*Id.* at 5.)

He therefore brought this action seeking damages in the amount of $100,000 from each defendant.

**III.    Discussion**

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Keith Bean, as an official at the jail, is a state actor who may be subject to liability under 42 U.S.C. § 1983. The question is whether the plaintiff's allegations suggest that Bean violated the plaintiff's constitutional rights. The plaintiff states only that Bean did not permit him to press criminal charges against Mitchell, and that the plaintiff "believes" that this is because Mitchell is white and the plaintiff is black. In other words, the plaintiff believes that he was subject to disparate treatment on the basis of race. "An equal protection claim must assert that the plaintiff suffered class-based discrimination." *Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000) (citing *McClesky v. Kemp*, 481 U.S. 249, 292 (1987))."To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Race is a protected class. *Loving v. Virginia*, 388 U.S. 1, 11 (1967). However, the plaintiff fails to show that he was in fact treated differently from similarly situated white inmates. The plaintiff's unsupported and speculative "belief" that Bean's action was based on race is simply not sufficient. *Cf. Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (dismissing equal-protection claim where the amended complaint "fail[ed] to make a plausible allegation that similarly situated organizations and individuals . . . have not been subject to the same alleged treatment by Defendants"). The complaint fails to state a claim against defendant Keith Bean.

The complaint likewise fails to state a claim against Jail Administrator Sonya Troutt. The plaintiff does not assert that Troutt had any personal involvement in Bean's decision, nor does he allege that Troutt

was responsible for enforcing a policy pursuant to which white inmates are permitted to press criminal assault charges against other inmates while black inmates are not.

The claim against the Sumner County Jail fails because the jail is a building, not a person subject to a lawsuit under 42 U.S.C. § 1983. Even if the complaint could be construed as being brought against Sumner County itself, a municipality like Sumner County can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, under *Monell*, in order to state a claim against Sumner County, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted). The complaint contains no allegations to suggest that Keith Bean was acting pursuant to a policy or custom of Sumner County or the Sumner County Jail by allegedly discriminating against the plaintiff. The Court therefore finds that the complaint fails to state a claim against Sumner County or the Sumner County Jail.

Finally, the complaint fails to state a claim against inmate Micheal Mitchell under 42 U.S.C. § 1983 because Mitchell, a fellow inmate, is not a state actor, and § 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Insofar as the plaintiff seeks to bring a state-law civil claim against Mitchell for assault, the Court declines to exercise jurisdiction over the state-law assault claim, since the federal claims upon which the Court's jurisdiction is premised will be dismissed. 28 U.S.C. § 1367(c)(3). The state-law claim will be dismissed without prejudice.

**IV.    Conclusion**

In sum, the complaint fails to state a claim under § 1983 against any of the defendants. All § 1983 claims will be dismissed with prejudice. The state-law claim against defendant Mitchell will be dismissed without prejudice. An appropriate order is filed herewith.

Todd Campbell
United States District Judge